*Edwards v. Sessions*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th of August, two thousand eighteen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
                *Circuit Judges,*
            J. PAUL OETKEN,
                *Judge.\**

---

NORMAN EDWARDS, AKA GLEN PETERSON,

     *Petitioner,*                                  17-87

     v.

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

     *Respondent.*

---

**FOR PETITIONER:**                          Ghatul Abdul Qayum, Mary K. Bessemer,
                                             Seton Hall University School of Law
                                             Center for Social Justice, Newark, NJ.
                                             (Jon Romberg, of counsel).

---

\* Judge J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR RESPONDENT:** Andrew N. O'Malley (Cindy S. Ferrier, Assistant Director), Senior Litigation Counsel, *for* Chad A. Readler, Acting Assistant Attorney General, United States Department of Justice, Washington, DC

Petition for review of an order of the Board of Immigration Appeals.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, and this matter **REMANDED** to the BIA for further proceedings not inconsistent with this order.

Petitioner Norman Edwards ("Edwards"), a native and citizen of Jamaica, seeks review of a December 22, 2016 decision of the Board of Immigration Appeals ("BIA") affirming the February 11, 2016 decision of an Immigration Judge ("IJ") denying Edwards' motion to terminate his removal proceedings and his application for adjustment of status. *In re Norman Edwards*, No. A074 782 871 (B.I.A. Dec. 22, 2016), *aff'g* No. A074 782 871 (Immig. Ct. Buffalo Feb. 11, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and legal issues de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Edwards is a Jamaican national and a lawful permanent resident ("LPR"). He first came to the United States in 1990 for seasonal agricultural work on an H2A visa. He has been in the United States permanently since 1995 and has been an LPR for nineteen years. He is married to a U.S. citizen, with whom he has 3 minor U.S. citizen children. During his presence in the United States, he has been convicted of three offenses. In 1999 he was convicted of possession of a forged instrument in the third degree (N.Y. PENAL LAW § 170.20, a Class A misdemeanor) and sentenced to three years of probation. In 2009, he was convicted of driving while intoxicated – first offense (N.Y. VEH. & TRAF. LAW § 1192.2, a Class U misdemeanor) and sentenced to three years of probation. In 2015, he was convicted of disorderly conduct (N.Y. PENAL LAW § 240.20, a violation) and sentenced to 15 days in jail.

In 1997, the government issued an Order to Show Cause that specified that Edwards "entered the United States at or near an unknown place on or about an unknown date," and was removable pursuant to former INA § 241(a)(1)(b) (current INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), "Present in violation of law"). In June 1998, those removal proceedings were

terminated to allow Edwards to pursue status as an LPR based on his marriage to his first U.S. citizen wife. That application was approved in 1999.

In 2011, the government filed a Notice to Appear in order to initiate removal proceedings against Edwards. Since Edwards was an LPR, the government now charged him with removability based upon his 1999 conviction for possession of a forged instrument, which the government alleged rendered him removable pursuant to INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i), as an alien who had been "convicted of a crime involving moral turpitude ("CIMT") committed within five years after admission for which a sentence of one year or longer may be imposed." Edwards is contesting the 2011 charge of removability in this appeal.

The only issue before us is whether Edwards was admitted to the United States in 1995, such that his 1999 conviction for a crime of moral turpitude occurred within five years of his admission. 8 U.S.C. § 1227(a)(2)(A)(i) (providing that an alien is removable if "convicted of a crime involving moral turpitude committed within five years . . . after the date of admission, . . . for which a sentence of one year or longer may be imposed"). In removal proceedings involving an LPR, "the government bears the burden of proof, which it must meet by adducing clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true." *Francis v. Gonzales*, 442 F.3d 131, 138 (2d Cir. 2006) (internal quotation marks omitted). Here, neither the IJ nor the BIA articulated this heightened standard of proof. Also troubling is that before the IJ, the government argued that it was Edwards' "burden to prove time, manner, and place of entry," which is a clear misstatement. Given this, we are unpersuaded by the government's argument that this Court should assume that the IJ and BIA applied the correct standard. The heightened burden reflects the recognition that LPRs have a substantial stake in remaining in the United States, and we are reluctant to assume the correct standard was applied here, particularly when the government articulated an incorrect standard before the IJ. It is well established that we "will not hesitate to vacate and remand where the BIA or IJ analysis is insufficient to determine whether the correct legal standard was applied." *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

## CONCLUSION

For the foregoing reasons, the petition for review is **GRANTED**, and this matter remanded to the BIA for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk